IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOSEPH BROWN and IVORY BROWN,<br><br>    Plaintiffs,<br>v.<br><br>CELOTEX CORPORATION,<br><br>    Defendant. | CASE NO. 1:22-CV-00221-MJT-ZJH |

## REPORT AND RECOMMENDATION DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 5. Pending is the Defendant Celotex Asbestos Settlement Trust's ("Celotex Trust" or "the Trust") *Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss" or "Motion").[1] Doc. No. 15. Plaintiffs Joseph Brown and Ivory Brown[2] bring this action against Celotex Trust to recover from their former class action asbestos-related settlement.

Because Brown is proceeding *pro se*, the court necessarily holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers" and construes them liberally. *See*

---

[1] As discussed further below, Plaintiff Joseph Brown incorrectly sued the Celotex Corporation ("Celotex"). Since Celotex's 1996 Chapter 11 bankruptcy proceeding, however, the Celotex Corporation has reorganized into the Celotex Asbestos Settlement Trust ("Celotex Trust"). *See In re Celotex Corp.*, 204 B.R. 586, 602 (Bankr. M.D. Fla. 1996). Therefore, the undersigned will only refer to the "Celotex Trust" as the Defendant in this case.

[2] Here, it is also unclear whether there are two plaintiffs to this action or only one. In his *Notice to Voluntarily Dismiss Defendants* (Doc. No. 5), Plaintiff Joseph Brown stated the caption should include Ivory Brown, however his later pleadings only include Joseph Brown as the plaintiff. *Compare* Doc. No. 5 at 1 ("Please enter Joseph Brown and Ivory Brown v[.] Celotex Corporation on my summon and not Amy Hirsch.") *with* Pl.'s Mot. to Correct, Doc. No. 21 (only Joseph Brown in caption). Moreover, Ivory Brown is absent from the underlying facts of this case, and is not mentioned as incurring any type of injury resulting from the Celotex Trust. As such, from this point, the undersigned will only address Plaintiff Joseph Brown as the plaintiff in this case.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Even provided a liberal construction of his claims, however, Brown failed to establish this court possesses subject matter jurisdiction in light of the bankruptcy proceeding's underlying injunction in this case. Accordingly, the undersigned recommends dismissing Plaintiff's lawsuit.

### I.  Background[3]

#### A.  The Celotex Bankruptcy Proceeding

The Celotex Corporation ("Celotex") was a major manufacturer and nationwide distributor of building materials containing asbestos. *In re Celotex Corp.*, 204 B.R. 586, 589, 604-05 (Bankr. M.D. Fla. 1996). In October 1990, Celotex and its subsidiary, Carey Canada, filed Chapter 11 petitions for bankruptcy protection after thousands of individuals suffering from personal injuries, and hundreds of property owners suffering from property damage, sued both defendants due to the presence of asbestos-containing materials in their buildings. *Id.* On March 25, 1996, Celotex and Carey Canada filed a "Modified Second Amended and Restated Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code for the Celotex Corporation and Carey Canada Inc." ("Plan"). *Id.* at 591.

On December 6, 1996, the Bankruptcy Court for the Middle District of Florida entered an Order Confirming the Modified Joint Plan of Reorganization for Celotex and Carey Canada ("Order"). *Id.* at 602. Principally, the Plan created the Asbestos Settlement Trust "to address, liquidate, resolve, and disallow or allow and pay Asbestos Claims, which will operate in accordance with the Asbestos Claims Resolution Procedures." *Id.* The Asbestos Claims

---

[3] As the main thrust of Celotex Trust's present motion relates to the court's lack of personal jurisdiction over the Defendant and therefore fails to provide an adequate recitation of the underlying factual background, the undersigned will look to other Celotex-related case law to provide a more thorough factual summary of the present case. *See* CJS Evid. § 104 ("Bankruptcy proceedings or records may be judicially noticed by other courts.") (citing *Canada v. United States*, 950 F.3d 299 (5th Cir. 2020)).

Resolution Procedures ("CRP") "provide reasonable assurance that the Trust will value, and be in a financial position to pay, Asbestos Claims, both present and future (demands)." *Id.* Additionally, this Order discharged Celotex's debts, and resulted in the issuance of several injunctions, such as the supplemental injunction. *Id.* at 621.

### B. The Cimino Class Action

Plaintiff Joseph Brown worked for the Bethlehem Beaumont Shipyard in Beaumont, Texas, the Gulf Oil refinery in Port Arthur, and other refineries for companies such as ExxonMobil Corporation and Texaco, Inc. Doc. Nos. 1 at 4, 21 at 2. Throughout his career, Brown worked "as a laborer picking up roofing materials" and fallen insulation from buildings and churches, and as a boilermaker, welder, and pipefitter for twenty years. Doc. No. 21 at 2. At some point during his tenure, Brown suffered from pleural asbestosis caused by exposure to Celotex's asbestos. *See* Doc. No. 21 at 6.

On December 22, 1986, Brown joined a larger asbestos-related class action against Celotex. Doc. No. 1 at 4; Doc. No. 21 at 2. On September 18, 1990, Brown contends that the Fifth Circuit awarded his class a judgment for damages incurred from asbestos exposure, and an "[e]xposure judgment" in the Eastern District of Texas. Doc. No. 1 at 4; Doc. No. 21 at 2.

On May 24, 2022, Brown initiated his action against Celotex Trust, Amy Hirsch, Mary Nickel, Bethany Right, Sarah LNU, and Raymark Industries, Inc. in the present action. Doc. No. 1. Brown brings causes of action for "Unfair Practices," discrimination, "Negligent Unethical Behavior," and conspiracy against Celotex Trust for requiring that he seek payments for his asbestos claim through the mandated Claims Resolution Procedures ("CRP") process. Doc. No. 1 at 4; Doc. No. 21 at 2 ("Amy Hirsch Senior Paralegal is trying to tie me to a CRP claim to keep me from filing my Cimino claim which will pay me equitable [relief] to my Pulmonary asbestos

3

Cimino claimants."). Brown contends there are two methods he may utilize to file a claim for damages related to his former class action lawsuit: (1) through the CRP; or (2) to file his claim with a federal district court. Doc. No. 21 at 2. Additionally, Brown alleges that Amy Hirsch "has constantly tried to sham me and bamboolze [sic] me to sign the CRP trust claim, which will pay less than my Cimino Class Action Claim[,] [which] will pay [approximately] 18 times more than the Celotex Trust Claim." *Id.* Brown maintains that on October 25, 2007, he received a court order mandating Amy Hirsch to announce that Brown is a Cimino class action recipient, but that Hirsch has since disobeyed this order. *Id.*

On September 1, 2022 and September 12, 2022, Brown filed two *Notices to Voluntarily Dismiss Defendants* (Doc. Nos. 5, 6), requesting to dismiss Defendants Amy Hirsch, Mary Nickel, Bethany Right, Sarah LNU, and Raymark Industries, Inc. On September 13, 2022, the undersigned granted Brown's request, dismissing those defendants, and leaving Celotex Corporation (Celotex Trust) as the only remaining defendant. Doc. Nos. 7, 20.

On October 28, 2022, Celotex Trust filed the instant *Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss" or "Motion"). Doc. No. 15. On November 4, 2022, Brown filed a *Motion to Correct Celotex Representatives of Personal Jurisdiction of Cimino Settlement* ("Motion to Correct") (Doc. No. 17), which the undersigned will liberally construe as his *Response*, rather than a substantive motion. On November 16, 2022, Celotex Trust filed a *Response to Motion to Correct* (Doc. No. 18), which the undersigned will construe as its *Reply*. On December 9, 2022, Brown filed a second *Motion to Correct Celotex Representatives of Personal Jurisdiction of Cimino Settlement*. Doc. No. 21.

4

## II. Legal Standard

### A. Rule 12(b)(1)

Celotex Trust moves to dismiss the present action for lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). Doc. No. 15.

In every case, however, the court has an independent duty to *sua sponte* determine whether it properly has subject matter jurisdiction. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction *sua sponte*."), *rev'd on other grounds*, 135 S. Ct. 2236 (2015); *City of Sachse, Tex. v. Kan. City S. Ry. Co.*, 564 F. Supp. 2d 649, 653 (E.D. Tex. 2008) (Schell, J.) (citing *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)) ("[T]he court has an affirmative duty to raise [] issues regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived.").

Federal courts are courts of limited jurisdiction, meaning they possess only the "power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Home Builders Assoc. of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). If a federal court lacks subject matter jurisdiction, it must dismiss the case.

### III.     Discussion

Celotex Trust brings the present motion primarily under Rule 12(b)(2), arguing that this court lacks personal jurisdiction over the Trust because it is at home in Delaware, and has not purposefully availed itself to the present Texas forum. *See generally* Doc. No. 15 at 1-20 (also moving to dismiss under Rule 12(b)(6)). The court need not entertain whether personal jurisdiction exists over Celotex Trust, however, as the court lacks subject matter jurisdiction to consider this case. The Bankruptcy Court's permanent injunction remains in effect, and the Bankruptcy Court remains the exclusive jurisdiction to consider the merits of Brown's claims. *See In re Celotex*, 204 B.R. at 621.

In 1996, the Bankruptcy Court for the Middle District of Florida discharged the Celotex Corporation's debt and issued multiple injunctions. *Id.* at 620-627. The court directs both parties to two separate but equally pertinent portions of the Bankruptcy Court's Order.

First, pursuant to 11 U.S.C., Sections 524(a)(2) and (a)(3) of the Bankruptcy Code, the court "discharge[d] the Debtors, Reorganized Celotex, . . . and the Trust *from any and all Claims* including any Claim of a kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code," regardless of whether it was filed under Section 501 of the Bankruptcy Code.[4] *Id.* at 620 (emphasis added). Next, the Bankruptcy Court ruled that:

> Except as otherwise expressly provided in the Plan to the contrary, the satisfaction, release and discharge . . . of the Plan *shall also operate as an injunction* prohibiting and enjoining the commencement or continuation *of any action*, the employment of process *or any act to collect*, recover from or offset (a) *any Claim* against or Interest in the Debtors, Reorganized Celotex . . .or the Trust by any Entity and (b) *any cause of action* . . . against the Released Parties.

*Id.* at 620-21 (emphases added).

---

[4] The Bankruptcy Code defines "Claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent," etc., or a "right to an equitable remedy for breach of performance if such breach gives rise to payment." 11 U.S.C. §§ 101(5)(A)–(B).

6

Second, the court stated the terms of its multiple injunctions. Importantly, the "Supplemental Injunction" states, in relevant part:

> In order to preserve and promote the settlements contemplated by and provided for in the Plan . . . all Entities[5] which have held or asserted, which hold or assert **or which may in the future hold or assert any claim, demand or cause of action** (including, but not limited to, **any Asbestos Claim**, or any claim or demand for or respecting any Trust Expense) against the Released Parties[6] (or any of them) based upon, relating to, arising out of, **or in any way connected with any claim**, whenever and wherever arising or asserted (including, but not limited to, . . . **any other theory of law, equity or admiralty**) or Interest **shall be permanently stayed, restrained and enjoined** from taking any action for the purpose of directly or indirectly collecting, recovering or receiving payments, satisfaction or recovery with respect to any such claim, demand, cause of action or Interest . . .

*Id.* at 621 (emphases added) (internal parentheticals in original).

For all future claimants of the Celotex Trust, Section 11.12 of the Plan provides that "[t]he opportunity to participate in the resolution and defenses of such Asbestos Claim[s] shall be in all respects subject to the Claims Resolution Procedures provided for in the Trust Agreement and limited to contentions that the Claim should not be Allowed or should be Allowed in a lesser amount under such procedures." *Id.* at 615. The Order also held that "the Supplemental Injunction shall not impair: . . . (b) the rights of Entities to the treatment accorded them under Articles 2 and 4 of the Plan . . . to assert such Asbestos Claims solely against the Trust in accordance with the Asbestos Claims Resolution Procedures." *Id.* at 622.

Essentially, the Bankruptcy Court's Order discharged any remaining debt Celotex owed to claimants, for *any* claims seeking monetary or equitable relief, and further enjoined future entities (including persons) who sue under *any* cause of action, under any theory of law. *Id.* at 620-21.

---

[5] The Bankruptcy Code defines the term "Entity" to "include[] person," which in turn, "includes individual." 11 U.S.C. §§ 101(15), (41).

[6] The term "Released Parties" means "each of (a) the Debtors, Reorganized Celotex . . ., any of their respective successors or assigns and each of their present and former directors, officers, agents, attorneys, accountants," etc. 204 B.R. at 622. Therefore, Brown is an "entity" within the meaning of the statute, and the Trust is a "Released Party" within the same.

These provisions aptly apply to the present case, and although Brown's claims are sounded in theories of conspiracy and civil rights violations, the Bankruptcy Court's Order is clear: Brown is prohibited from recovering any type of relief under any cause of action against Celotex Trust. Instead, he must participate in the Claims Resolution Procedures provided for in the Trust Agreement. *Id.* at 615.

Moreover, this injunction precludes this court from entertaining the merits of Brown's case any further. Section 524 of the Bankruptcy Code states, in part, that "after entry of such injunction, any proceeding that involves the validity, application, construction, or modification of such injunction . . . may be commenced *only in the district court in which such injunction was entered, and such court shall have exclusive jurisdiction* over any such proceeding." 11 U.S.C. § 524(g)(2)(A) (emphases added). Title 28 U.S.C. Section 1334 mirrors this provision, stating, "[t]he district court in which a case under title 11 is commenced or is pending *shall have exclusive jurisdiction* — (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1) (emphasis added).

Facially, Brown alleges theories of conspiracy and, ambiguously, civil rights violations. Doc. No. 1. However, liberally construed, the heart of Brown's allegations pertains to the contents of the Bankruptcy Court's injunction, and the Trust Agreement's creation of the Claims Resolution Procedures. *See* Doc. Nos. 1, 21. Here, Brown states "[i]t is my understanding that there are two ways to file a claim. One way is to file a claim [ ] directly under the CRP or Celotex Trust claim. The other way is to file my,[sic] Cimino Class Action claim under my judicial documents that I sent Amy Hirsch." Doc. No. 21 at 2. Brown complains that "Amy Hirsch Senior Paralegal is trying to tie me to a CRP claim to keep me from filing my Cimino claim which will pay me equitable [relief] to my Pulmonary asbestos Cimino [sic] claimants." *Id.*

Thus, Brown's complaints are twofold: first, Brown complains about the application of the 1996 injunction, notably the mandatory procedures set forth by the Claims Resolution Procedures; and second, Brown requests "equitable" relief in the form of monetary damages. *Id.* To the extent that Brown complains about the application or construction of the Bankruptcy Court's injunction, and that Brown requests property in the form of money from Celotex Trust, *both* issues remain in the *exclusive* jurisdiction of the Bankruptcy Court. *See* 11 U.S.C. § 524(g)(2)(A); 28 U.S.C § 1334(e)(1); *see, e.g.*, *In re Celotex Corp.*, 380 B.R. 623, 629 (Bankr. M.D. Fla. 2007) (prohibiting third-party claimants from recovering from Celotex Trust while "retain[ing] jurisdiction to interpret and enforce the Order Confirming Plan entered in December 1996.").

Moreover, pursuant to Brown's request, the undersigned earlier dismissed Amy Hirsch as a defendant to this case. *See* Doc. No. 7. Thus, to the extent Brown brings this action against Hirsch, she is no longer a party to this case, and the court therefore cannot afford a remedy against her. *Id.* Regardless, Brown is prohibited from bringing these "claims" or any cause of action against the Trust for such payment — he *must* utilize the procedures set forth in the Claims Resolution Procedures or file his complaints in the Bankruptcy Court for the Middle District of Florida. *In re Celotex*, 204 B.R. at 615, 620-22; *see also* 11 U.S.C. §§ 101(5), (15), (41).

As such, the court need not waste time entertaining the Trust's arguments under either Rule 12(b)(2) or 12(b)(6), as the court lacks jurisdiction under the Bankruptcy Code. The court therefore recommends *sua sponte* dismissal of this case for lack of jurisdiction.

**IV.    Recommendation**

For the reasons stated above, the court should dismiss this case with prejudice for lack of subject matter jurisdiction.

## V. **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge