IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH BROWN and IVORY BROWN, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:22-CV-000221-MJT |
| CELOTEX ASBESTOS SETTLEMENT TRUST, | § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendant.* | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 24, 2022, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pretrial management pursuant to a standing order. Pending is Defendant Celotex Asbestos Settlement Trust's (incorrectly sued as "Celotex Corporation") (hereinafter, "Celotex Trust") Motion to Dismiss for Lack of Personal Jurisdiction of Celotex Trust, and Subject to and Without Waiver of its Rule 12(b)(2) Motion, Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim. [Dkt. 15].

On December 9, 2022, Judge Hawthorn issued his Report and Recommendation recommending that the Court *sua sponte* dismiss this action for lack of subject-matter jurisdiction. [Dkt. 22]. On January 13, 2023 and January 17, 2023, Brown filed two separate Objections to Report and Recommendation. [Dkts. 28, 31].[1] In both objections, Brown represented that he did not have "enough time to put . . . documents together" and "didn't have a chance to complete . . . documents" due to the holidays and family-related health emergencies. [Dkts. 28, 31].

On January 18, 2023, Judge Hawthorn granted Brown thirty (30) days to file additional

---

[1] While "not object[ing] to the findings or conclusion that the Court lacks subject-matter jurisdiction over the claims raised by Plaintiffs," on December 27, 2022, Celotex filed Conditional Objections to Report and Recommendation for Preserving Arguments Presented. [Dkt. 25].

documents and objections to his Report and Recommendation. [Dkt. 32]. On February 15, 2023, Brown filed his third set of objections. [Dkt. 33]. In this set of objections, Brown repeats the same information that he provided in earlier filings, stating that he has "no faith in [the] CRP to pay [his] Cimino claim." *Id.* at 2. Lastly, Brown attached a letter he received from an attorney at Keating Muething & Klekamp PLL, dated September 27, 2016, which informed him that the Celotex Trust "has approved [his] Level III claim for payment at a gross value of $33,528.25 multiplied by the applicable payment percentage." *Id.* at 4.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The Court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered Plaintiff's objections. Plaintiff has failed to establish that the Court has jurisdiction to entertain his case. Here, the Court agrees with Judge Hawthorn that the Bankruptcy Court for the Middle District of Florida's "Supplemental Injunction" is still in effect. *See In re Celotex*, 204 B.R. 586, 621 (Bankr. M.D. Fla. 1996). Accordingly, the Bankruptcy Court's injunction precludes this Court from having jurisdiction to entertain Brown's case. Thus, the Court agrees with Judge Hawthorn that Brown must participate in the Claims Resolution Procedures provided for in the Trust to move forward on any complaints against Celotex Trust. Any complaints regarding the construction of the Bankruptcy Court's

injunction remain in the exclusive jurisdiction of the Bankruptcy Court. 11 U.S.C. § 524(g)(2)(A); 28 U.S.C. § 1334(e)(1). Plaintiff's objections are therefore without merit.

It is therefore **ORDERED** that Plaintiff Joseph Brown's Objections to Report and Recommendation [Dkts. 28, 31, 33] are **OVERRULED** and Judge Hawthorn's Report and Recommendation Dismissing Case for Lack of Subject Matter Jurisdiction [Dkt. 22] is **ACCEPTED**. Plaintiffs Joseph Brown and Ivory Brown's Complaint [Dkt. 1] is therefore **DISMISSED WITH PREJUDICE**. The Court will issue a Final Judgment separately.

**SIGNED this 3rd day of May, 2023.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge